UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA ANN HUDSON,<br><br>              Plaintiff,<br>    v.<br><br>KING COUNTY HOUSING AUTHORITY et al.,<br><br>              Defendants. | CASE NO. 2:24-cv-00770-TL<br><br>ORDER ON MOTION TO AMEND COMPLAINT |

This is an action alleging wrongful conduct by the King County Housing Authority ("KCHA"), Bellevue Police Department ("BPD"), and seven individuals. The matter is before the Court on Plaintiff Maria Ann Hudson's "Motion to Amended [*sic*] Complaint for Violation of Civil Rights and Misnomers of Defendants." Dkt. No. 19. Plaintiff is appearing *pro se* (without an attorney). Having considered Plaintiff's motion, Defendants' responses (Dkt. Nos. 23, 24), and the relevant record, the Court GRANTS Plaintiff's motion to amend (Dkt. No. 19).

Plaintiff filed her original complaint on June 4, 2024. Dkt. No. 5. On July 15, 2024, Plaintiff filed an amended complaint. Dkt. No. 12 ("First Amended Complaint"). On July 22,

ORDER ON MOTION TO AMEND COMPLAINT - 1

2024, prior to Defendants' filing any responsive pleadings to the amended complaint, Plaintiff filed the instant motion to amend. Dkt. No. 19. Plaintiff asserts that her motion contains "corrections of the misnomers mistakenly made pertaining to the Defendants." *Id.* at 2. Two separate sets of defendants—the "KCHA Defendants" and the "Bellevue Defendants"—have filed oppositions to the instant motion (Dkt. Nos. 23, 24). Additionally, prior to the noting date of the instant motion to amend, both the KCHA Defendants and Bellevue Defendants filed respective Motions to Dismiss Plaintiff's First Amended Complaint (Dkt. Nos. 25, 26).

Amending a complaint for the second time requires either Defendants' written consent or leave of the court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the Ninth Circuit, "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citations removed).

Among the factors enumerated in *Foman*, "prejudice to the opposing party . . . carries the greatest weight." *Id.* at 1052. Moreover, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). With respect to futility, courts disfavor this factor as a basis for denying a motion to amend: "Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss." *Mir v. Kirchmeyer*, No. 12-cv-2340-GPC-DHB, 2015 WL 5167119, at *3 (S.D. Cal. Sept. 3, 2015); *see Lillis v. Apria Healthcare, et al.*, No. 12-cv-52-IEG (KSC) 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012) ("[T]he Court will not indulge

Defendants' attempt to convert Plaintiff's motion to amend into a premature motion to dismiss.").

Here, both the Bellevue Defendants and KCHA Defendants in their respective opposition briefs focus their arguments on the legal sufficiency of Plaintiff's proposed second amended complaint. *See* Dkt. No. 23 at 2; Dkt. No. 24 at 4–5. Indeed, in their opposition brief, the KCHA Defendants incorporate by reference a motion to dismiss (Dkt. No. 25) filed concurrently with their opposition to Plaintiff's motion to amend. Dkt. No. 24 at 1. The Bellevue Defendants do not address prejudice at all, and the King County Defendants mention it only cursorily in a recitation of the Rule 15 legal standard. *Id.* at 3. Neither set of Defendants demonstrates how they would be prejudiced by an amended complaint at this very early stage of the case. Given the Ninth Circuit's "extremely liberal" policy regarding granting of leave to amend, the Court finds that Defendants have not offered sufficient grounds for denying Plaintiff's motion.

Therefore, the Court ORDERS as follows:

1. The Court GRANTS Plaintiff's motion (Dkt. No. 19). Plaintiff is further ORDERED to file a Second Amended Complaint within **thirty (30) days** of this order, or **October 18, 2024.**

2. The Court DENIES AS MOOT Defendants' Motions to Dismiss (Dkt. Nos. 25, 26). For clarity of the docket and record, Defendants may re-file their motions linked to Plaintiff's Second Amended Complaint, should Plaintiff timely file her amended complaint.

Dated this 18th day of September 2024.

Tana Lin
United States District Judge

ORDER ON MOTION TO AMEND COMPLAINT - 3