1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

MARIA ANN HUDSON,

Plaintiff,

v.

KING COUNTY HOUSING
AUTHORITY et al.,

Defendants.

CASE NO. 2:24-cv-00770-TL

ORDER

12

13

14

15

16

17

This is an action alleging wrongful conduct by the King County Housing Authority

18

("KCHA"), Bellevue Police Department ("BPD"), and several individuals. This matter is before

19

the Court on Plaintiff's Motion to Appoint Counsel. Dkt. No. 9. On June 24, 2024, Plaintiff

20

Maria Ann Hudson filed an application for the Court to appoint counsel. *Id*. For the reasons

21

stated herein, the Court DENIES the motion.

22

**I.    BACKGROUND**

23

Plaintiff filed her original complaint on June 4, 2024, alleging, *inter alia*, various civil

24

rights violations under 42 U.S.C. § 1983. Dkt. No. 5. Plaintiff's allegations derive from her

ORDER - 1

1    assertion that she was "defrauded [of] $177,000 worth of personal property due to ongoing

2    malfeasance, misconduct and retaliation," "when they provided packing, moving, and unpacking

3    services and supports." *Id.* at 9, 12. On July 15, 2024, Plaintiff filed an amended complaint. Dkt.

4    No. 12. The amended complaint removed two of the individual defendants and, to some degree,

5    clarified the nature of her allegations and more clearly identified the underlying provisions upon

6    which her Section 1983 claim is predicated. *Id.* at 1, 2–6. On July 22, 2024, Plaintiff filed a

7    motion requesting leave to amend her complaint again, this time to "correct[ ] [ ] the misnomers

8    mistakenly made pertaining to the Defendants." Dkt. No. 19 at 2. The Court granted this motion

9    on September 18, 2024. Dkt. No. 42.

**II.   LEGAL STANDARD**

11    "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d

12    965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se*

13    litigants would benefit from representation by an attorney, that alone does not warrant the

14    appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming

15    denial of appointment of counsel), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en

16    banc). Instead, a court may appoint counsel for indigent civil litigants under "exceptional

17    circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. When

18    determining whether "exceptional circumstances" exist, a court must at least consider "the

19    likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

20    *pro se* in light of the complexity of the legal issues involved." *Id.* (quotation marks omitted)

21    (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations

22    is dispositive; they must be viewed together. *Id.* Exceptional circumstances may exist where the

23    litigant has an insufficient grasp of the legal issues involved or is unable to state the factual bases

24    of the claims. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103–04 (9th Cir. 2004)

1    (requiring appointment of counsel where a case was unusually complex due to case law as well

2    as litigant's personal circumstances); *see also Tilei v. McGuinness*, 642 Fed. App'x 719, 722 (9th

3    Cir. 2016) (appointing counsel where, among other reasons, litigant likely needed expert

4    testimony to prevail on deliberate indifference claim).

## III.    DISCUSSION

6         Having considered the standard for appointment of counsel for indigent civil litigants, the

7    complaint(s), and the instant motion, the Court finds appointment of counsel here to be

8    inappropriate. At this stage of the litigation, the Court cannot conclude that exceptional

9    circumstances exist to warrant appointment of counsel. The Court is unable to weigh the

10   likelihood of success on the merits of Plaintiff's claims on the underdeveloped record before it.

11   *See, e.g., Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash.

12   Oct. 25, 2021) ("The Court cannot conclude on this thin record whether these claims have a

13   strong likelihood of success on the merits."). Further, as evidenced by her ongoing efforts to

14   amend her complaint, Plaintiff's filings generally demonstrate a level of legal comprehension

15   that fails to meet the requisite "high bar to show that the legal issues involved are sufficiently

16   complex [as to] impede[] [her] ability to present [her] case." *Siglar v. Hopkins*, 822 F. App'x

17   610, 612 (9th Cir. 2020).

## IV.    CONCLUSION

19        For the foregoing reasons, Plaintiff's motion to appoint counsel is DENIED.

20        Dated this 19th day of September 2024.

21

22    _____
      Tana Lin
      United States District Judge

23

24

ORDER - 3